IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00280-MSK-MEH

GARY LLOYD BRUCE,

      Petitioner,

v.

UNITED STATES BUREAU OF PRISONS, and
J. L. NORWOOD, Warden, FCI Englewood,

      Respondents.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS TO RECOMMENDATION
AND DENYING PETITION FOR WRIT OF *HABEAS CORPUS***
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Objections **(# 18, as supplemented # 20, 23)** to the April 29, 2005 Recommendation **(# 17)** of United States Magistrate Judge O. Edward Schlatter that the Petitioner's Petition **(# 3)** for writ of *habeas corpus* be denied.

The Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his good time credit ("good time") under 28 C.F.R. § 523.20 as being inconsistent with the statutory command of 18 U.S.C. § 3624. The statute states, in relevant part:

> a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence . . . of up to 54 days at the end of <u>each year of the prisoner's term of imprisonment</u>, beginning at the end of the first year of the term . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within

1

the last six weeks of the sentence."

18 U.S.C. § 3624(b)(1) (emphasis added). The BOP has interpreted this statute by issuing a regulation found at 28 C.F.R. § 523.20(a),[1] which states that it will award "54 days credit toward service of sentence (good conduct time credit) for <u>each year served</u>. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." (Emphasis added).

The issue in this case is whether the BOP's calculation of good time based upon "each year served" is inconsistent with the statutory mandate that the time be calculated based on "each year of the prisoner's term of imprisonment."

The Petitioner is serving a 210-month (17½ year) sentence. Assuming that he satisfies the criteria for receipt of full good time credits throughout his sentence, under the BOP's regulation, he would accrue 54 days of credit each year in years 1 - 15, yielding a total of 810 days of good time. This would have the effect of shortening his sentence by 2 years and 80 days, reducing the 17½ years imposed to 15 years and 102 days (17 years, 182 days minus 2 years, 80 days). Thus, at the end of year 15, the Petitioner would have 102 days left to serve on his original sentence. He continues to earn good time in the final leg of his sentence at a prorated rate of .148 (54 days of good time per year ÷ 365 days per year) days of good time per day served, or approximately 1 day of good time per week. Thus, at the end of 12 weeks (84 days), he has earned an additional 12 days of good time, totaling 96 days, and he completes the final 102 days of his sentence on or

---

[1]The record contains inconsistent information regarding the date of the Petitioner's offense, *compare Docket* # 13 at 4 n.2 (date of offense was March 5, 1992) *with Docket* # 13, Ex. 2 (date of offense was August 23, 1991). In any event, the parties agree that his offense was committed before 1994, making his sentence subject to 28 C.F.R. § 523.20(a).

2

about day 6 of week 13.  *See generally Perez-Olivio v. Chavez*, 394 F.3d 45, 47 n. 1 (1st Cir. 2005).   His total time in custody is 15 years, 12 weeks, and 6 days.

The Petitioner contends that the BOP's regulation improperly bases the calculation of good time based on "time served," rather than the statutory language that bases the calculation on "each year of the prisoner's term of imprisonment."  The Petitioner contends that the phrase "term of imprisonment" should be construed uniformly throughout the statute, and thus, it always refers to the full length of the sentence imposed upon him, not, as the BOP contends, the time he actually serves.  Under the Petitioner's interpretation of the statute, the BOP should multiply 54 days per year by the length of his sentence – 17½ years – yielding a total of 945 days (2 years, 215 days) of good time eligibility.  Thus, under the Petitioner's interpretation, the good time he accumulates would reduce his sentence by 2 years, 30 weeks, and 5 days.  His total time in custody is 14 years, 47 weeks, and 2 days, resulting in him being released more than 18 weeks earlier than he would be under the BOP's calculations.

This Court referred the merits of the Petition to United States Magistrate Judge O. Edward Schlatter for a Recommendation pursuant to Fed. R. Civ. P. 72(b).  On April 29, 2005, Magistrate Judge Schlatter issued a Recommendation **(# 17)** finding that: (i) the phrase "term of imprisonment" in the statute is ambiguous; (ii) the statute impliedly authorizes the BOP to interpret its provisions; (iii) the BOP's interpretation of the statute is reasonable and thus, entitled to deference; and (iv) the good time statute is not a penal statute, and thus not subject to the Rule of Lenity.[2]

---

[2]The Magistrate Judge also found that no evidentiary hearing was necessary, and there was no need to appoint counsel for the Petitioner.

The Petitioner filed timely Objections, contending that the statute is not ambiguous, and that the BOP's interpretation is inconsistent with both the language of the statute and the intent of Congress. In addition, he contends that the statute is one to which the Rule of Lenity applies. The Petitioner later supplemented his Objections with certain observations as to the effective date of 28 C.F.R. § 530.20, and to point the Court's attention to *Moreland v. Federal Bureau of Prisons,* 363 F.Supp.2d 882 (S.D. Tx. 2005).

Because the Petitioner has filed timely Objections to the Recommendation, the Court reviews the matter *de novo*. 28 U.S.C. § 72(b), 28 U.S.C. § 636(b). In doing so, the Court is mindful of the Petitioner's *pro se* status, and accordingly, interprets his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

This Court has reviewed the numerous cases cited by the parties in which other courts have adjudicated this precise question. Every Circuit Court of Appeals to consider the question has reached the same result as the Magistrate Judge. *See e.g. Perez-Olivio*, 394 F.3d at 48-54 *and cases cited therein*; *White v. Scibana*, 390 F.3d 997, 1003 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005); *Brown v. McFadden,* 416 F.3d 1271, 1273 (11th Cir. 2005); *Yi v. Federal Bureau of Prisons,* 412 F.3d 526, 534 (4th Cir. 2005); *Brown v. Hemingway*, 53 Fed.Appx. 338, 339 (6th Cir. 2002 ) (unpublished). Even the *Moreland* case, relied heavily upon by the Petitioner, was recently reversed on appeal.[3] *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 188-89 (5th Cir.

---

[3]The majority of the panel found that 18 U.S.C. § 3624 was unambiguous in directing that good time be calculated based on time served, rather than the length of the sentence imposed. One member of the panel concurred in the result, but disagreed that the statute was unambiguous,

2005). Likewise, *Williams v. Dewalt*, 351 F.Supp. 412, 420 (D. Md. 2004), which accepted the arguments the Petitioner urges here, has been effectively reversed by the 4th Circuit's decision in *Yi*. Thus, at this time, the Court is aware of no case adopting the Petitioner's argument that remains good law.

This Court need not engage in an extensive discussion, as its *de novo* analysis agrees with the reasoning of the Magistrate Judge and with all of the Circuit Courts to consider the question. For the same reasons stated extensively by these courts, the Petitioner's Objections **(# 18, as supplemented # 20, 23)** are **OVERRULED**. The Court **ADOPTS** the Recommendation **(# 17)** in its entirety, and the Petition **(# 3)** is **DENIED**. The Clerk of the Court is directed to close this case.

Dated this 27th day of March, 2006

                                                                **BY THE COURT:**

                                                                 Marcia S. Krieger
                                                                 United States District Judge

---

instead adhering to the same reasoning used by the Magistrate Judge here. 431 F.3d at 189-191 (Stewart, J. concurring). Nevertheless, the Petitioner's claims here would be rejected under either analysis.